UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

UNITED STATES OF AMERICA :
: No. CR-95-04
:
v. :
: **OPINION AND ORDER**
:
ALMOS STARKS, JR. :
:
:

This matter is before the Court on Almos Starks's Motion for Reduction in Sentence Pursuant to 18 U.S.C. § 3582(c)(2) (doc. 97), the Government's opposition thereto (doc. 98) and Mr. Starks's Reply in support thereof (doc. 100).

Mr. Starks was convicted by jury in 1995 of numerous charges, including possession of cocaine base with intent to distribute and unlawful possession of a firearm. Pursuant, in part, to the mandatory minimum sentence set forth in 21 U.S.C. §841(b)(1)(A), he was sentenced to two life sentences, a thirty-year sentence and a ten-year sentence, all to run concurrently.

Mr. Starks now moves the Court for a reduction in that sentence, pursuant to 18 U.S.C. § 3582(c)(2) and Amendment 750 to the United States Sentencing Guidelines.

The Court cannot grant his request. Section 3582(c)(2) permits a reduction in sentence "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing

1

Commission[.]" Under the policy statement contained in U.S.S.G. § 1B1.10(a)(1), a court may reduce a defendant's term of imprisonment pursuant to § 3582(c)(2) if the amendment authorizing the reduction is listed in § 1B1.10(c), and if the reduction allowed by the amendment is otherwise consistent with § 1B1.10. U.S.S.G. § 1B1.10(a)(1). Amendment 750 is among those listed in § 1B1.10(c).

However, Mr. Starks's sentence was subject to 21 U.S.C. §841(b)(1)(A): because he had two prior convictions for a felony drug offense, the statute mandated that he be sentenced to a term of life imprisonment without release. Because Amendment 750 has no effect on the mandatory minimum set forth in 21 U.S.C. §841(b)(1)(A), the Court cannot reduce Mr. Stark's sentence under Amendment 750. See, e.g., United States v. Turner, 2012 WL 171392 (6th Cir., January 23, 2012)("[T]he commentary following Amendment 750 expressly states that 'offenders...sentenced at the statutory mandatory minimum...cannot have their sentences lowered by an amendment to the guidelines.'").

To support his motion, Mr. Starks cites to Freeman v. United States, 131 S.Ct. 2685 (2011), and United States v. Miller, 2010 WL 3119768 (D. Minn., Aug. 6, 2010), but neither case changes this analysis. In Freeman, the court was faced with a defendant who was sentenced pursuant to a plea agreement made under Federal Rule of Criminal Procedure 11(c)(1)(C). Finding that sentences resulting from 11(c)(1)(C) agreements are nonetheless "based on"

the sentencing guidelines, a plurality of the court concluded that "[w]here the decision to impose a sentence is based on a range later subject to retroactive amendment, § 3582(c)(2) permits a sentence reduction." Freeman, 131 S.Ct. at 2692-3. Here, however, Mr. Starks's sentence was not "based on" the guidelines, but, instead, on the statutory mandatory minimum. Consequently, he cannot seek relief via § 3582(c)(2).

As to Miller, the Court notes that Miller is a non-binding case out of Minnesota, where the district court judge granted the defendant's motion for reduction notwithstanding the appellate authority holding that a career offender is ineligible for a § 3582(c) reduction in sentence. United States v. Miller, 2010 WL 3119768 (D. Minn., Aug. 6, 2010). Mr. Starks urges the Court to similarly disregard binding authority and find that his sentence was "based on" the guidelines, and not on the statutory mandatory minimum, thus allowing for a § 3582(c) reduction. The Court declines to accept Mr. Starks's invitation to act in contravention of binding authority. This Court is bound by the dictates of the Sixth Circuit and the Supreme Court. Pursuant to those authorities, the Court cannot simply disregard the fact that Mr. Starks was sentenced pursuant to the statutory mandatory minimum set forth by Congress. As such, Mr. Starks is ineligible for a § 3582(c) reduction.

Mr. Starks also claims that his due process rights were

violated by the Court when it found that his sentence was dictated by the statutory mandatory minimum, claiming that he was not given an opportunity to challenge the underlying convictions used to enhance his sentence (doc. 97). He argues that the Court was without jurisdiction to impose the statutory enhancement. The Court notes that the proper venue for making this argument was on appeal, and it was not raised on appeal. See United States v. Starks, 114 F.3d 1190 (6th Cir. 1997). In addition to his appeal, which was unsuccessful, Mr. Starks filed a motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255 and a motion for a writ of error coram nobis, neither of which was successful. He now seeks to use this current motion for reduction in sentence as yet another forum to attack the validity of his sentence. Like his other attempts, this, too, fails, both because a motion pursuant to § 3582(c) is not the proper venue for such attacks and because his assertion that the Court had no jurisdiction to sentence him is meritless.

For the foregoing reasons, the Court DENIES Mr. Starks's Motion for Reduction in Sentence (doc. 97).

SO ORDERED.

Dated: April 3, 2012           /s/ S. Arthur Spiegel
                               S. Arthur Spiegel
                               United States Senior District Judge