UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

UNITED STATES OF AMERICA       :
                               :   1:95-CR-00004
                               :
                               :   **OPINION & ORDER**
                               :
   v.                          :
                               :
                               :
ALMOS STARK                    :
                               :
                               :
                               :

This matter is before the Court on Almos Starks's second Motion for Reduction in Sentence Pursuant to 18 U.S.C. § 3582(c)(2) (doc. 103), the Government's opposition thereto (doc. 105) and Mr. Starks's Reply in support thereof (doc. 106).

As the Court noted in its Order denying Mr. Starks' previous motion, Mr. Starks was convicted by jury in 1995 of numerous charges, including possession of cocaine base with intent to distribute and unlawful possession of a firearm. Pursuant, in part, to the mandatory minimum sentence set forth in 21 U.S.C. §841(b)(1)(A), he was sentenced to two life sentences, a thirty-year sentence and a ten-year sentence, all to run concurrently.

Citing to and relying on Dorsey v. United States, 132 S.Ct. 2321 (2012), Mr. Starks moves the Court again for a

reduction in that sentence, pursuant to 18 U.S.C. § 3582(c)(2) and Amendment 750 to the United States Sentencing Guidelines.

As before, the Court cannot grant his request. As the Court noted in its prior order, section 3582(c)(2) permits a reduction in sentence "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission[.]" Under the policy statement contained in U.S.S.G. § 1B1.10(a)(1), a court may reduce a defendant's term of imprisonment pursuant to § 3582(c)(2) if the amendment authorizing the reduction is listed in § 1B1.10(c), and if the reduction allowed by the amendment is otherwise consistent with § 1B1.10. U.S.S.G. § 1B1.10(a)(1). Amendment 750 is among those listed in § 1B1.10(c).

However, Mr. Starks's sentence was based on 21 U.S.C. §841(b)(1)(A): because he had two prior convictions for a felony drug offense, the statute mandated that he be sentenced to a term of life imprisonment without release, and that is how the Court sentenced him. Because Amendment 750 has no effect on the mandatory minimum set forth in 21 U.S.C. §841(b)(1)(A), the Court cannot reduce Mr. Stark's sentence under Amendment 750. See, e.g., United States v. Turner, 2012 WL 171392 (6th Cir., January 23, 2012)("[T]he commentary following Amendment 750 expressly states that 'offenders...sentenced at the statutory mandatory

minimum...cannot have their sentences lowered by an amendment to the guidelines.'").

Dorsey does not change either the analysis or the outcome here. In Dorsey, the Supreme Court held that the penalty scheme of the Fair Sentencing Act applies to all offenders sentenced after the effective date of the Act (August 3, 2010), even if their offense conduct occurred before that date. 132 S.Ct. at 2328-29. The Act imposed new, lower mandatory minimums to certain drug offenses. Mr. Starks argues that his sentence should be recalculated based on those lower mandatory minimums.

Mr. Starks' argument fails for one overarching reason: Dorsey explicitly held that the Act's new lower mandatory minimums apply only "to the post-Act sentencing of pre-Act offenders." 132 S.Ct. at 2335 (emphasis added). Mr. Starks' offense conduct did occur pre-Act, but so did his sentencing. He therefore explicitly does not fall within the category of offenders contemplated by Dorsey. See, e.g., United States v. Hollins, 2012 WL 5477119, at *2 (6th Cir. Nov.13, 2012) ("The FSA does not apply to Hollins because he was sentenced prior to the statute's effective date. See Dorsey v. United States ..." ); United States v. Mundy, 2012 5200363, at *1 (6th Cir. Oct. 22, 2012) ("[W]e have repeatedly rejected the assertion that the Act applies retroactively to sentences imposed prior to the Act's effective date ."); United

States v. Stanley, 2012 WL 4014932, *3 (6th Cir. Sept.13, 2012) ("The [Dorsey] decision did not, however, extend the benefits of the FSA to offenders who were sentenced prior to August 3, 2010."); United States v. Allen, 481 Fed. Appx. 248 (6th Cir. July 26, 2012) ("Unfortunately for Defendant, Dorsey's holding does not apply ..." to a defendant who was sentenced several weeks prior to FSA's effective date); United States v. Finley, 2012 WL 2505630 (6th Cir. June 29, 2012)(relying on Dorsey, court holds that FSA does not apply to a defendant whose appeal was pending when the FSA was enacted).

     Mr. Starks remains ineligible for a § 3582(c) reduction, and the Court DENIES his motion (doc. 103).

    SO ORDERED.

Dated: February 15, 2013    s/S. Arthur Spiegel_____
                                      S. Arthur Spiegel
                                      United States Senior District Judge